UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRAIG CROMARTIE,
          Petitioner,

          v.                          C.A. No.  10-10329-MLW

ALLISON HALLART, Acting Superintendent,
MCI Cedar Junction,
          Respondent.

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                     March 5, 2010

I.   INTRODUCTION

     On February 19, 2010, petitioner Craig Cromartie, a prisoner at MCI Cedar Junction in South Walpole, Massachusetts, filed a self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is not being credited with more than 60 days of credit for time served at the Essex County Jail (Middleton) while he was awaiting trial and while he was held on cash bail.

     Accompanying his petition, petitioner filed a letter under oath (Docket No. 2) alleging he is indigent and attaching his prison account statement in support.

II.  DISCUSSION

     A.   <u>The Filing Fee</u>

     The court treats petitioner's letter (Docket No. 2) as a Motion for Leave to Proceed *in forma pauperis*.  Upon review of the prison account statement indicating that he has $10.00 in his account, the court will <u>ALLOW</u> the motion.

B.   <u>Service of the Petition</u>

Pursuant to Rule 4 of the Rules Governing Section 2254 cases (applicable to § 2241 petitions as well), the Clerk of this Court is hereby ordered to serve a copy of the petition for a writ of habeas corpus by mailing copies of the same to the respondent, Allison Hallart, Route 1A, P.O. Box 100, South Walpole, Massachusetts, 02071; AND the Attorney General for the Commonwealth of Massachusetts, Attention: James Arguin, Chief, Appellate Division, Office of the Attorney General, One Ashburton Place, 20th Floor, Boston, MA  02108-1598.

It is further ordered that the respondent shall, within 21 days of receipt of this Order, file an answer (or other proper responsive pleading) to the petition for writ of habeas corpus. The answer (or other responsive pleading) must also include a statement notifying this Court of the existence of any victim or victims as defined by 18 U.S.C. § 3771.

This Court further requests the respondent, as part of the return, to file such documents which reflect on the issue as to whether petitioner(s) exhausted available state remedies with respect to the matters raised by the petition.[1]

---

[1]Some courts have considered that habeas petitions filed by prisoners who are in custody pursuant to a state sentence should be construed as § 2254 petitions (rather than § 2241 petitions), regardless of the underlying grounds for relief.  <u>See, e.g.</u>, <u>Cook v. New York State Div. of Parole</u>, 321 F.3d 274, 277-79 (2d Cir. 2003)(habeas petition seeking relief from revocation of parole); <u>accord</u> <u>White v. Lambert</u>, 370 F.3d 1002, 1005-10 (9th Cir. 2004)

III. CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.   Petitioner's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>;

2.   The Clerk shall serve the petition; and

3.   The Respondent shall file a response within 21 days.


SO ORDERED.

<u>/s/ Mark L. Wolf</u>
UNITED STATES DISTRICT JUDGE

---

(habeas petition challenging State of Washington's authority to confine him after transfer to a privately-run prison in Colorado; as matter of first impression, jurisdictional basis for petition was under § 2254, not § 2241); <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1061 (11th Cir. 2003)(state sentenced prisoners may file a habeas corpus petition under § 2241, but they are limited by § 2254).  If appropriate, the respondent may address the issue whether this action, filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, should be construed as a petition pursuant to 28 U.S.C. § 2254 in view of petitioner's status as a state prisoner.